```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

LORENZO ADAMS                 :          CIVIL ACTION
                              :
       v.                     :
                              :
CITY OF PHILADELPHIA, et al.  :          NO. 25-6331

MEMORANDUM

Bartle, J.                                       January 28, 2026

    Plaintiff, Lorenzo Adams has sued the City of Philadelphia and four of its police officers, Joseph Schwartz, Johnathan Alvarez, Manuel Lopez, and Mousta Eldakkak under 42 U.S.C. § 1983.  Before the court is the motion of the defendants under Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss Counts II, III, and IV of the amended complaint for failure to state a claim upon which relief can be granted.

I

    When considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court must accept as true all well-pleaded facts in the amended complaint and draw all reasonable inferences in the light most favorable to the plaintiff.  Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009).  When there is a document "integral to or explicitly relied upon in the complaint," it may also be considered as there is no concern of lack of notice to the plaintiff.  Schmidt v. Skolas, 770 F.3d 241, 249 (3d Cir. 2014) (citation modified).

The court may also take judicial notice of matters of public record.  See id.

The complaint must plead more than "labels and conclusions."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  It must plead more than "a formulaic recitation of the elements of a cause of action" or "naked assertions devoid of further factual enhancement."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation modified).  Instead, it must recite sufficient factual content to state a claim that is plausible on its face.  Id.

II

The following well pleaded facts are deemed to be true for present purposes.

Plaintiff was stopped and arrested by Philadelphia police officers Dohan and Snyder (who are not parties to this lawsuit) at 500 E. Walnut Lane on January 17, 2023.  He was transported to a police station and processed for a warrant that was unrelated to him.  The police released him after 24 hours when they realized he was the wrong person.  Plaintiff thereafter sued the two officers in the Philadelphia County Court of Common Pleas and obtained a favorable verdict and judgment on October 2, 2024.

On December 22, 2024, defendants Eldakkak and Lopez stopped plaintiff in his car at 1900 W. Pacific Avenue, detained

him outside his vehicle, handcuffed him, placed him in the police cruiser, and searched his car including its closed glove compartment. No contraband was recovered. He was then released but only after defendants issued multiple traffic citations to him. Those citations were all later dismissed.

On January 3, 2025, plaintiff was stopped in his car by defendants Schwartz and Alvarez near Forrest and Andrews Streets. They detained plaintiff outside his vehicle, handcuffed him, and placed him in their police cruiser. They searched his vehicle and opened the closed glove compartment during the search. No contraband was found. Plaintiff was then released after defendants issued multiple traffic citations to him. These citations were also all later dismissed.

The plaintiff was driving the same vehicle with the same license plate on all three occasions. The officers involved in the first and third incidents were assigned to the 14th police district while the officers participating in the second incident were assigned to the 39th police district. Both districts are part of the Police Department's Northwest Division. According to plaintiff, these officers know each other, worked in proximity with each other, and knew of the verdict and judgment in plaintiff's favor from the first incident.

III

Count II of the amended complaint against the individual defendants asserts conspiracy under § 1983. Plaintiff alleges that defendants knew each other, "work[ed] in the same proximity," and knew about the favorable outcome plaintiff obtained in his lawsuit arising out of the first incident. They then conspired to take the actions they did against plaintiff in connection with the second and third incidents.

Count III claims retaliation. Plaintiff maintains that the defendants involved in the second and third incidents knew about the favorable verdict and judgment from the first incident and "stopped his vehicle as payback."

Plaintiff has met the pleading standard for Counts II and III as articulated in <u>Iqbal</u> & <u>Twombly</u>. The allegations here are plausible. Accordingly, the motion of the individual defendants to dismiss these counts will be denied.

IV

Count IV is against the City of Philadelphia under <u>Monell v. Dep't of Soc. Servs. of New York</u>, 436 U.S. 658 (1978). Plaintiff avers that the City, through its police department, knew of and acquiesced, through policies and customs, pretextual car stops and the illegal search of vehicles without a warrant. Plaintiff also alleges that the City did not properly establish

-4-

a policy prohibiting retaliation against its citizens by police officers and a policy regarding videotaping their car stops. Finally, he includes an allegation that the City through its police department did not properly enforce a new city ordinance to end pretextual car stops.

This count of the amended complaint is rife with conclusory allegations.  The City of Philadelphia has approximately 6,300 police officers.  Based on three car stops by six officers, plaintiff jumps to the unsupported conclusion that the City policymakers had adopted policies or acquiesced in customs allowing illegal conduct related to car stops and searches.  The allegations are simply not plausible under the requirements of Iqbal and Twombly.  See e.g., Hassen v. Gov't of Virgin Islands, 861 F.3d 108, 115-16 (3d Cir. 2017).  Count IV will be dismissed.