IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LORENZO ADAMS | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA, et al. | : | NO. 25-6331 |

MEMORANDUM

Bartle, J. July 28, 2026

Plaintiff Lorenzo Adams has sued the City of Philadelphia and four of its police officers, Joseph Schwartz, Johnathan Alvarez, Manuel Lopez, and Mousta Eldakkak under 42 U.S.C. § 1983. Plaintiff brings claims for unconstitutional seizure of his person in Count I, for conspiracy in Count II, and for retaliation in Count III, all against the individual defendants.

In Count IV, plaintiff pleaded a claim under Monell v. Department of Social Services, 436 U.S. 658 (1978), against the City of Philadelphia. He alleged that the City had a custom or practice of, among other things, endorsing unconstitutional stops and illegal warrantless searches. On January 28, 2026, the court dismissed plaintiff's Monell claim because he failed to allege plausibly a custom or practice of pretextual car stops and unlawful seizures and searches.

Before the court is the motion of plaintiff for reconsideration of the dismissal of the Monell claim, or in the alternative, for leave to file a Second Amended Complaint.

I

A party filing a motion for reconsideration must demonstrate: (1) an intervening change in the controlling law; (2) availability of new evidence unavailable when the court made its decision; or (3) a need to correct a clear error of law or fact to prevent manifest injustice. See Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). Plaintiff argues only that internal investigation reports concerning his encounters with the police and referencing police department policy statements constitute new evidence that was previously unavailable to him and the court.

II

Under Monell, a municipality may be liable for the unconstitutional acts of its employees if a plaintiff "demonstrates that the violation of rights was caused by the municipality's policy or custom."[1] Johnson v. City of Philadelphia, 975 F.3d 394, 403 (3d Cir. 2020) (citation

---

1 A municipality may also be liable under 42 U.S.C. § 1983 for inadequately training its employees. See Canton v. Harris, 489 U.S. 378, 388-89 (1989). Plaintiff does not argue that the new evidence shows that the City failed to train adequately the officers on vehicle stops, seizures, and searches.

modified); see also Monell, 436 U.S. at 690. A party can establish a custom by showing that "such practices of state officials [are] so permanent and well settled" that they operate as law, even if not authorized by law. Monell, 436 U.S. at 690 (citation modified); Jiminez v. All Am. Rathskeller, Inc., 503 F.3d 247, 250 (3d Cir. 2007). A plaintiff can establish a policy by showing that a "decisionmaker possessing final authority to establish municipal policy with respect to the action issued an official statement of policy." Jiminez, 503 F.3d at 250 (citation modified).

The new evidence proffered by plaintiff on his motion for reconsideration consists of two reports by the Philadelphia Police Department's Internal Affairs Division ("IAD"), ultimately signed by an IAD Inspector. These reports detail IAD's investigations of complaints filed by plaintiff following two stops of his vehicle, one on December 22, 2024 and one on January 3, 2025.

In his IAD complaint of the December 22, 2024 stop, plaintiff alleged that defendants Lopez and Eldakkak opened his car door during a traffic stop and pulled him from the vehicle without explaining why he had to get out of his car. Plaintiff stated that an "officer must have legal justification to remove [him] from [his] vehicle and assault a law abiding citizen."

The IAD concluded that the officers' "actions were reasonable and within policy. At no time was [the plaintiff] physically abused." Although not alleged in plaintiff's IAD complaint, the IAD report found a separate "Verbal Abuse – Obscene/Profane Language" against defendant Lopez. It noted that body-worn camera footage demonstrated that the officer cursed at plaintiff three different times. Plaintiff's first IAD complaint said nothing about a search.

Plaintiff alleged in the second IAD complaint that during the January 3, 2025 stop defendants Alvarez and Schwartz forcibly pulled plaintiff from his vehicle, threatened to tase him, and searched his vehicle even though he did not consent to a search. He also asserted that the officers "searched [his] pockets and [his] vehicle, unlocked [his] glove compartment and searched [his] car twice[.]" The IAD report pertaining to this stop notes that after plaintiff was removed from his vehicle, defendant Alvarez frisked the "area of the driver's seat." Defendant Alvarez also "used a key to unlock both the glove compartment and center console area to search for weapons." The IAD report concluded that defendant Alvarez's warrantless frisk of the vehicle was proper and "in accordance with departmental policy that pertains to a frisk." It concluded, however, that the warrantless search of the vehicle's locked compartments was

improper and that the "wording in the [officer's investigation report] does not constitute probable cause, which is needed to search the locked compartments in [plaintiff's] vehicle."

Plaintiff cites Police Directive 12.8 in support of his motion for reconsideration. Directive 12.8 provides that "[w]hile a traffic stop allows passengers to be detained during the investigation, it does not automatically authorize an officer to frisk the driver or passengers. Officers must have additional reasonable suspicion to believe the driver or a passenger has a weapon that could harm the officer." Reasonable suspicion alone, however, is insufficient. An officer "who makes a lawful stop based upon either reasonable suspicion or probable cause may frisk the driver and occupants and sweep the immediate area for weapons, but only if the officer has additional reason to believe the driver or the individual occupant is armed."

Directive 12.8 also permits police officers to "conduct a probing search" of a vehicle they have lawfully stopped if the officers obtain a lawful search warrant, obtain consent from the operator of the vehicle, or have "probable cause that the vehicle contains contraband and a Bonafide exigency exists that prevents the officer from securing a search warrant."

Plaintiff, although citing to Directive 12.8, does not argue that it or any of its provisions are inconsistent with the constitutional requirements for frisks and searches such as those set forth in Terry v. Ohio, 392 U.S. 1 (1968), and Arizona v. Johnson, 555 U.S. 323, 327 (2009).

Nor is there anything in the IAD reports to show that the City of Philadelphia had a policy or custom that authorized or sanctioned any unconstitutional seizure of plaintiff or search of his vehicle. The reports deal solely with the conduct of the individual defendants. It goes without saying that the City cannot be held liable under a respondeat superior theory for the wrongs of its police officers. Monell, 436 U.S. at 691. New evidence against the individual defendants is no basis to reconsider the dismissal of the City.

Accordingly, plaintiff's motion for reconsideration will be denied.

III

In the alternative, plaintiff seeks leave to amend his complaint. He did not proffer a proposed amended complaint for the court's or the City's review and simply states that he would plead "the IAD findings, the Department's express invocation of a departmental policy that pertains to a frisk, the sustained finding that the search lacked probable cause, the Department's

ratification of the conduct, and Directive 12.8, particularized facts that cure the deficiencies the Court identified." [emphasis added].

Plaintiff presumably seeks to cure those deficiencies identified in the court's Memorandum accompanying its Order granting the City's motion to dismiss. In that Memorandum the court explained that plaintiff had not pleaded a plausible Monell claim against the City. See Adams v. City of Philadelphia, No. CV 25-6331, 2026 WL 222532 (E.D. Pa. Jan. 28, 2026). Amendments based on the IAD findings would not cure the deficiencies in plaintiff's Monell claim. As noted, these findings relate only to the individual defendants. Any amended complaint against the City would therefore be futile. Fed. R. Civ. P. 15(a); Foman v. Davis, 371 U.S. 178, 182 (1962); Jablonski v. Pan Am. World Airways, Inc., 863 F.2d 289, 292 (3d Cir. 1988).

Plaintiff's alternative motion to amend the complaint will be denied.